# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DAVID ANDREW BERO,

    *Plaintiff*,

v.

    Case No. 1:23-cv-02390-AT-JKL

EQUIFAX INFORMATION
SERVICES, LLC, et al.,

    *Defendants*.

## DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), a Georgia corporation, by and through its counsel, answers the Complaint filed by David Andrew Bero ("Plaintiff") as follows:

## COMPLAINT

LexisNexis Risk admits the allegation in the initial paragraph of the Complaint that Plaintiff brings this Complaint against Equifax Information Services, LLC ("Equifax") and LexisNexis Risk Solutions Inc.

## INTRODUCTION

1.    LexisNexis Risk denies the allegations in Paragraph 1 for lack of

knowledge or information sufficient to form a belief as to the truth of the matters alleged.

2. LexisNexis Risk denies the allegations in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

3. LexisNexis Risk denies the allegations in Paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

4. LexisNexis Risk denies the allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

5. LexisNexis Risk admits the allegation in Paragraph 5 that consumer reporting agencies ("CRAs") provide consumer reports to their customers for a fee. Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 5.

6. No answer to Paragraph 6 is necessary because it only contains legal conclusions. To the extent a response is required, LexisNexis Risk denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

7. LexisNexis Risk admits the allegation in Paragraph 7 that Plaintiff accurately quoted text contained in 15 U.S.C. § 1681(a)(1). Except as expressly admitted above, LexisNexis Risk denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

8. LexisNexis Risk admits the allegation in Paragraph 8 that Plaintiff accurately quoted text contained in *Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982), with the exception that Plaintiff misspelled "turndown" as "turn-down." Except as expressly admitted above, LexisNexis Risk denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

9. No answer to Paragraph 9 is necessary because it only contains legal conclusions. To the extent a response is required, LexisNexis Risk denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

10. LexisNexis Risk admits the allegation in Paragraph 10 that Plaintiff accurately quoted text contained in 15 U.S.C. § 1681(a)(4). Except as expressly admitted above, LexisNexis Risk denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.

11.     LexisNexis Risk admits the allegations in Paragraph 11 that Plaintiff's Complaint purports to state a claim against LexisNexis Risk and Equifax for violations of the Fair Credit Reporting Act ("FCRA").  LexisNexis Risk denies that it violated the FCRA.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 11.

## THE PARTIES

12.     LexisNexis Risk denies the allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

13.     LexisNexis Risk denies the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

14.     LexisNexis Risk denies the allegations in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

15.     LexisNexis Risk admits the allegation in Paragraph 15 that its principal place of business is in Georgia.  LexisNexis Risk denies the allegation that it is a limited liability company.  Except as expressly admitted above, LexisNexis Risk

denies the allegations in Paragraph 15.

16.     LexisNexis Risk admits the allegations in Paragraph 16 that it sometimes acts as a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) and sells consumer reports as defined in 15 U.S.C. § 1681a(d).  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 16.

17.     LexisNexis Risk admits the allegation in Paragraph 17 that it sometimes acts as a reseller of consumer reports prepared by other CRAs as defined in 15 U.S.C. § 1681a(u).  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 17.

## JURISDICTION AND VENUE

18.     No answer to Paragraph 18 is necessary because it only contains legal conclusions.  To the extent a response is required, LexisNexis Risk admits that this Court has jurisdiction based on Plaintiff's claims as alleged in the Complaint. LexisNexis Risk denies that it violated the FCRA.

19.     No answer to Paragraph 19 is necessary because it only contains legal conclusions.  To the extent a response is required, LexisNexis Risk admits that venue is proper based on Plaintiff's claims as alleged in the Complaint.  LexisNexis Risk denies that it violated the FCRA.

20.     LexisNexis Risk denies the allegations in Paragraph 20 for lack of

knowledge or information sufficient to form a belief as to the truth of the matters alleged.

21.     LexisNexis Risk denies the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

22.     LexisNexis Risk denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

23.     LexisNexis Risk denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## FACTS

### The Credit Bureau Defendants' Practices Concerning the Sale of Credit Reports on the "Deceased"

24.     LexisNexis Risk admits the allegation in Paragraph 24 that it sells consumer reports.  LexisNexis Risk denies that it sells "millions of consumer reports…per day" and denies that it sells credit scores or credit reports.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 24.

25.     No answer to Paragraph 25 is necessary because it only contains legal conclusions.  To the extent a response is required, LexisNexis Risk admits that 15 U.S.C. § 1681e(b) contains procedural requirements.

26.     No answer to Paragraph 26 is necessary because it only contains legal conclusions.  To the extent a response is required, LexisNexis Risk admits that 15 U.S.C. §§ 1681b and 1681e(a) contain procedural requirements.

27.     LexisNexis Risk denies the allegation in Paragraph 27 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 27.

28.     LexisNexis Risk denies the allegations in Paragraph 28 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

29.     LexisNexis Risk denies the allegations in Paragraph 29 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

30. LexisNexis Risk denies the allegations in Paragraph 30 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

31. LexisNexis Risk denies the allegation in Paragraph 31 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

32. LexisNexis Risk denies the allegation in Paragraph 32 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

33. LexisNexis Risk admits the allegations in Paragraph 33 that it receives data from the Social Security Administration on a regular basis regarding the SSA's "Death Master File" and "Limited Access Death Master File." LexisNexis Risk denies the remaining allegations in Paragraph 33 as to LexisNexis Risk. LexisNexis Risk denies allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

34. LexisNexis Risk denies the allegations in Paragraph 34 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.

35.     LexisNexis Risk denies the allegations in Paragraph 35 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

36.     LexisNexis Risk denies the allegations in Paragraph 36 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

37.     LexisNexis Risk denies the allegations in Paragraph 37 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

38.     LexisNexis Risk denies the allegation in Paragraph 38 as to LexisNexis Risk.   LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as expressly admitted, LexisNexis Risk denies the remaining allegations in Paragraph 38.

39.     LexisNexis Risk denies the allegations in Paragraph 39 as to

LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

40.     LexisNexis Risk denies the allegations in Paragraph 40 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

41.     LexisNexis Risk denies the allegations in Paragraph 41 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

42.     LexisNexis Risk denies the allegations in Paragraph 42 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

43.     LexisNexis Risk denies the allegations in Paragraph 43 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

44.     LexisNexis Risk admits the allegation in Paragraph 44 that it has received at least one consumer dispute with respect to a consumer report in which the consumer has alleged that a deceased indicator was improperly placed on his or her file.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as expressly admitted, LexisNexis Risk denies the remaining allegations in Paragraph 44.

45.     LexisNexis Risk denies the allegations in Paragraph 45 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

46.     LexisNexis Risk denies the allegations in Paragraph 46 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

47.     LexisNexis Risk denies the allegations in Paragraph 47 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

48.     LexisNexis Risk denies the allegations in Paragraph 48 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

49.     LexisNexis Risk denies the allegations in Paragraph 49 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

50.     LexisNexis Risk denies the allegations in Paragraph 50 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

51.     LexisNexis Risk denies the allegations in Paragraph 51 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

52.     LexisNexis Risk admits the allegation in Paragraph 52 that LexisNexis Risk has charged third parties a fee for consumer reports that contain a deceased notation.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge

or information sufficient to form a belief as to the truth of the matters alleged. Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 52.

53. LexisNexis Risk admits the allegation in Paragraph 53 that LexisNexis Risk has charged third parties a fee for consumer reports that contain a deceased notation. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 53.

54. LexisNexis Risk denies the allegations in Paragraph 54 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

55. LexisNexis Risk admits the allegations in Paragraph 55 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

56. LexisNexis Risk admits the allegations in Paragraph 56 that it is aware that personally identifying information of deceased persons is sometimes used by

persons attempting to defraud others or to effect identity theft. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 56.

57. LexisNexis Risk denies the allegations in Paragraph 57 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

58. LexisNexis Risk admits the allegation in Paragraph 58 that a relative may provide a death certificate or executorship papers to access a deceased consumer's file disclosure. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 58.

59. LexisNexis Risk denies the allegations in Paragraph 59 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

60. LexisNexis Risk denies the allegations in Paragraph 60 as to

LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

61.     LexisNexis Risk denies the allegations in Paragraph 61 as to LexisNexis Risk  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

62.     LexisNexis Risk denies the allegations in Paragraph 62 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff's July 2021 Telephonic Dispute with the Credit Bureaus**

63.     LexisNexis Risk admits the allegation in Paragraph 63 that on July 19, 2021, Plaintiff called the LexisNexis Risk Consumer Center to inquire about why he was being reported as deceased after he applied for credit through FingerHut. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as admitted, LexisNexis Risk denies the allegations of Paragraph 63.

**The Credit Bureaus' Method for Considering Consumer Credit Report Disputes**

64.     LexisNexis Risk denies the allegations in Paragraph 64 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

65.     LexisNexis Risk denies the allegations in Paragraph 65 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  LexisNexis Risk specifically denies that it participates in e-OSCAR.

66.     LexisNexis Risk denies the allegations in Paragraph 66 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

67.     LexisNexis Risk denies the allegations in Paragraph 67 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

68.     LexisNexis Risk denies the allegations in Paragraph 68 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

69.     LexisNexis Risk denies the allegations in Paragraph 69 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

70.     LexisNexis Risk denies the allegations in Paragraph 70 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

71.     LexisNexis Risk denies the allegations in Paragraph 71 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

72.     LexisNexis Risk denies the allegations in Paragraph 72 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

73.     LexisNexis Risk denies the allegations in Paragraph 73 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Equifax's Response to Plaintiff's July 2021 Dispute**

74.     LexisNexis Risk denies the allegations in Paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

75.     LexisNexis Risk denies the allegations in Paragraph 75 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

76.     LexisNexis Risk denies the allegations in Paragraph 76 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

77.     LexisNexis Risk denies the allegations in Paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**LexisNexis's Response to Plaintiff's July 2021 Dispute**

78.     LexisNexis Risk denies the allegations in Paragraph 78.  On July 19, 2021, LexisNexis Risk informed Plaintiff via phone ***and*** by letter that LexisNexis Risk was unable to authenticate him with the information he provided.  LexisNexis Risk also advised Plaintiff to send the Consumer Center a copy of his social security card and a utility bill within two months to permit LexisNexis Risk to confirm that he was who he claimed to be, so that LexisNexis Risk could communicate with him about his consumer file.

79.     LexisNexis Risk admits the allegation in Paragraph 79 that did it not "indicate that Plaintiff's dispute was found to be frivolous or irrelevant," as LexisNexis Risk responded to Plaintiff's dispute by seeking appropriate authentication and instructing Plaintiff on how to provide it.

80.     LexisNexis Risk denies the allegations in Paragraph 80.

81.     LexisNexis Risk denies the allegations in Paragraph 81.  LexisNexis Risk does not provide "credit disclosures."

## Capital One Bank USA N.A. Denies Plaintiff Credit Due to Inaccurate Credit Reporting July 19, 2021

82.     LexisNexis Risk denies the allegations in Paragraph 82 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

83.     LexisNexis Risk denies the allegations in Paragraph 83 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

84.     LexisNexis Risk denies the allegations in Paragraph 84 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## Equifax Fails to Verify Plaintiff's Identity and Fails to Provide Credit Disclosure in August 2021

85.     LexisNexis Risk denies the allegations in Paragraph 85 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

86.     LexisNexis Risk denies the allegations in Paragraph 86 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.

87.    LexisNexis Risk denies the allegations in Paragraph 87 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff's Dispute with LexisNexis in November 2021**

88.    LexisNexis Risk admits the allegation in Paragraph 88 that on November 24, 2021, LexisNexis Risk received a letter from Plaintiff dated November 10, 2021.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 88.

**LexisNexis's Response to Plaintiff's November 2021 Dispute**

89.    LexisNexis Risk denies the allegations in Paragraph 89.  On November 24, 2021, LexisNexis Risk opened a dispute for Plaintiff.  LexisNexis Risk suppressed certain disputed records.  On December 2, 2021, LexisNexis Risk sent Plaintiff a Results of Reinvestigation letter indicating that it suppressed disputed identification records and sent him an updated disclosure of his consumer file.  Then, on December 21, 2021, LexisNexis Risk sent Plaintiff another Results of Reinvestigation letter, which indicated that LexisNexis Risk deleted 80 identification records from Plaintiff's file, and sent him another copy of his updated consumer file disclosure.

90.     LexisNexis Risk admits the allegation in Paragraph 90 that did it not "indicate that Plaintiff's dispute was found to be frivolous or irrelevant," as LexisNexis Risk responded to Plaintiff's dispute by sending him a Results of Reinvestigation letter and suppressing disputed records.

91.     LexisNexis Risk denies the allegations in Paragraph 91.

92.     LexisNexis Risk denies the allegations in Paragraph 92. LexisNexis Risk sent Plaintiff file disclosures on December 2, 2021 and December 21, 2021.

**Plaintiff's Disputes with Equifax and LexisNexis in December 2021**

93.     LexisNexis Risk admits the allegation in Paragraph 93 that on December 28, 2021, LexisNexis Risk received a letter from Plaintiff dated December 17, 2021 via certified mail in which Plaintiff disputed the inclusion of a deceased indicator on his consumer file. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 93.

**Equifax's Response to Plaintiff's December 2021 Dispute**

94.     LexisNexis Risk denies the allegations in Paragraph 94 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

95.     LexisNexis Risk denies the allegations in Paragraph 95 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

96.     LexisNexis Risk denies the allegations in Paragraph 96 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

97.     LexisNexis Risk denies the allegations in Paragraph 97 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**LexisNexis's Response to Plaintiff's December 2021 Dispute**

98.     LexisNexis Risk denies the allegations in Paragraph 98.  On January 5, 2022, LexisNexis Risk sent Plaintiff a Failure to Authenticate letter.

99.     LexisNexis Risk admits the allegation in Paragraph 99 that did it not "indicate that Plaintiff's dispute was found to be frivolous or irrelevant," as LexisNexis Risk responded to Plaintiff's dispute by seeking appropriate authentication.

100.    LexisNexis Risk denies the allegations in Paragraph 100.

101.    LexisNexis Risk denies the allegations in Paragraph 101.

**LexisNexis Fails to Verify Plaintiff's Identity December 2021**

102.   LexisNexis Risk admits the allegation in Paragraph 102 that on December 21, 2021, Plaintiff requested a copy of his file disclosure from LexisNexis Risk.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 102.

103.   LexisNexis Risk admits the allegation in Paragraph 103 that the information Plaintiff provided to LexisNexis Risk was insufficient to authenticate him (i.e., verify his identity).  LexisNexis Risk sent Plaintiff a Failure to Authenticate letter on December 21, 2021.

104.   LexisNexis Risk denies the allegations in Paragraph 104.

**LexisNexis Fails to Verify Plaintiff's Identity January 2022**

105.   LexisNexis Risk admits the allegation in Paragraph 105 that on January 28, 2022, it received a letter from Plaintiff erroneously dated January 11, 2021, in which he requested a copy of his file disclosure.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 105.

106.   LexisNexis Risk admits the allegation in Paragraph 106 that once again the information Plaintiff provided to LexisNexis Risk was insufficient to authenticate him (i.e., verify his identity).

107.   LexisNexis Risk denies the allegations in Paragraph 107.

**Plaintiff's Dispute with LexisNexis in March 2022**

108.   LexisNexis Risk admits the allegation in Paragraph 108 that on March 10, 2022, LexisNexis Risk received a letter from Plaintiff dated March 1, 2022. Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 108.

**LexisNexis's Response to Plaintiff's March 2022 Dispute**

109.   LexisNexis Risk denies the allegations in Paragraph 109.  On April 8, 2022, LexisNexis Risk sent Plaintiff a Results of Reinvestigation letter.

110.   LexisNexis Risk admits the allegation in Paragraph 110 that did it not "indicate that Plaintiff's dispute was found to be frivolous or irrelevant," as LexisNexis Risk reinvestigated Plaintiff's dispute and sent him a Results of Reinvestigation letter.

111.   LexisNexis Risk denies the allegations in Paragraph 111.

112.   LexisNexis Risk denies the allegations in Paragraph 112.  LexisNexis Risk mailed Plaintiff a copy of his file disclosure on April 8, 2022.

113.   LexisNexis Risk denies the allegations in Paragraph 113 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

114. LexisNexis Risk denies the allegations in Paragraph 114 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

115. LexisNexis Risk denies the allegations in Paragraph 115 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

116. LexisNexis Risk denies the allegations in Paragraph 116 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

117. LexisNexis Risk denies the allegations in Paragraph 117 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

118. LexisNexis Risk denies the allegations in Paragraph 118 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.

119.  LexisNexis Risk denies the allegations in Paragraph 119 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

120.  LexisNexis Risk denies the allegations in Paragraph 120 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

121.  LexisNexis Risk denies the allegations in Paragraph 121 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendants Equifax and LexisNexis)

122.  LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 121 as if fully restated herein.

123. No answer to Paragraph 123 is necessary because it only contains legal conclusions. To the extent a response is required, LexisNexis Risk admits that Plaintiff accurately quoted text contained in 15 U.S.C. § 1681e(b).

124. LexisNexis Risk denies the allegations in Paragraph 124 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

125. LexisNexis Risk denies the allegations in Paragraph 125 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

126. LexisNexis Risk denies the allegations in Paragraph 126 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

127. LexisNexis Risk denies the allegations in Paragraph 127 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

128. LexisNexis Risk denies the allegations in Paragraph 128 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

129. LexisNexis Risk denies the allegations in Paragraph 129 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim for Relief Against Defendants Equifax and LexisNexis)**

130. LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 129 as if fully restated herein.

131. No answer to Paragraph 131 is necessary because it only contains legal conclusions. To the extent a response is required, LexisNexis Risk admits that Plaintiff accurately quoted text contained in 15 U.S.C. § 1681i(a)(1).

132. No answer to Paragraph 132 is necessary because it only contains legal conclusions. To the extent a response is required, LexisNexis Risk admits that Plaintiff accurately paraphrased a portion of the language contained in 15 U.S.C. § 1681i(a)(5)(A).

133.  LexisNexis Risk admits the allegation in Paragraph 133 that Plaintiff sent LexisNexis Risk multiple letters in which he claimed that a deceased indicator had been improperly placed in his consumer file and asking that the records be corrected.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 133.

134.  LexisNexis Risk denies the allegations in Paragraph 134 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

135.  LexisNexis Risk denies the allegations in Paragraph 135 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

136.  LexisNexis Risk denies the allegations in Paragraph 136 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

137.   LexisNexis Risk denies the allegations in Paragraph 137 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

138.   LexisNexis Risk denies the allegations in Paragraph 138 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## COUNT III
## 15 U.S.C. § 1681g
### Failure to Provide Disclosures to Plaintiff

139.   LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 138 as if fully restated herein.

140.   LexisNexis Risk denies the allegations in Paragraph 140 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

141.   LexisNexis Risk denies the allegations in Paragraph 141 as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters

alleged.

142. LexisNexis Risk denies the allegations in Paragraph 142 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

143. LexisNexis Risk denies the allegations in Paragraph 143 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to Equifax for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## PRAYER FOR RELIEF

LexisNexis Risk asserts that Plaintiff is not entitled to any of the relief requested in the Prayer for Relief section of the Complaint. To the extent that the Prayer for Relief section of the Complaint includes allegations requiring a response, LexisNexis Risk denies those allegations.

## DEMAND FOR JURY TRIAL

144. LexisNexis Risk admits that Plaintiff purports to demand a trial by jury. LexisNexis Risk denies all remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## LEXISNEXIS RISK'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LexisNexis Risk bears the burden of proof as to any of them, LexisNexis Risk asserts the following separate and individual affirmative defenses. LexisNexis Risk intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the FCRA.

## THIRD AFFIRMATIVE DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against LexisNexis Risk in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LexisNexis Risk is also entitled to have any damages that may be awarded to

Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LexisNexis Risk, and those third parties were the sole cause of any such damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## NINTH AFFIRMATIVE DEFENSE

LexisNexis Risk reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, LexisNexis Risk requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's complaint in its entirety;

3. dismissing this case with prejudice;

4. awarding LexisNexis Risk its costs and attorneys' fees incurred in this case; and

5. granting LexisNexis Risk all other remedies that the Court deems just and proper.

Respectfully submitted this 25th day of August, 2023.

/s/ William J. Repko III
WILLIAM J. REPKO III
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7683

*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

/s/ William J. Repko III
WILLIAM J. REPKO III
Georgia Bar No. 301797
jay.repko@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7683

*Attorney for Defendant*
*LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on August 25, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send an email notification of such filing to all attorneys of record.

/s/ William J. Repko III
WILLIAM J. REPKO III
Georgia Bar No. 301797
jay.repko@alston.com