# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DAVID ANDREW BERO,**  **Plaintiff,**  v.  **EQUIFAX INFORMATION SERVICES, LLC; and LEXISNEXIS RISK SOLUTIONS,**  **Defendants.** | **CIVIL ACTION NO.**  **1:23-cv-02390-AT-JKL** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This lawsuit is brought pursuant to the federal Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff has alleged that Plaintiff was improperly reported as deceased by each of the Defendants. Plaintiff's complaint alleges that each Defendant failed to follow reasonable procedures to assure maximum possible accuracy and failed to conduct reasonable reinvestigations when Plaintiff's deceased status was disputed. Each of the Defendants answered the

Complaint and denied that they failed to comply with the FCRA. Plaintiff and Defendant LexisNexis have reached an agreement and filed a notice of settlement.

    (b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

Upon information and belief, Defendants are or were reporting and/or furnishing inaccurate and incomplete account information. The Plaintiff disputed this information to Defendants, but it was not corrected immediately by all Defendants. This caused Plaintiff significant damages such as being denied credit on multiple occasions, having Plaintiff's insurance rates impacted, and extreme emotional distress.

**Equifax's Summary:**

Equifax is a consumer reporting agency as defined by the FCRA. Equifax states that it complied with the FCRA in its handling of Plaintiff's credit file, including in responding to Plaintiff's dispute. Equifax further denies it caused Plaintiff to suffer any damages.

    (c)    The issues to be tried are as follows:

**Plaintiff's Issues to be Tried:**

1. Whether Defendants published false information about Plaintiff to third parties;

2. Whether Defendants properly investigated Plaintiff's written disputes as required by 15 U.S.C. § 1681i;

3. Whether Defendants negligently or willfully failed to send Plaintiff's disclosure upon request as required by 15 U.S.C. § 1681g;

4. Whether Defendants negligently or willfully failed to send notice to the furnisher as required by 15 U.S.C. § 1681i;

5. Whether Defendants negligently or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b);

6. Whether Defendants negligently or willfully failed to adopt and/or follow reasonable procedures to ensure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i;

7. Whether Defendants' actions in reporting Plaintiff have taken place in the

conduct of consumer acts or practices; and

8. Whether Plaintiff has suffered damages as a result of Defendants' actions.

**Defendants' Issues to Be Tried:**

**Defendant Equifax:**

Whether the disputed reporting was accurate

Whether the dispute is the type of dispute the FCRA requires Equifax to resolve

Whether Equifax reasonably reinvestigated Plaintiff's dispute

Whether Plaintiff suffered any damages attributable to Equifax

**Defendant LexisNexis:**


(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**2.** This case is complex because it possesses one (1) or more of the features listed below (please check): **For the reasons listed in section 10 below, this case is more complex than other FCRA matters.**

\_\_\_ (1) Unusually large number of parties

4

|     | (2)  | Unusually large number of claims or defenses |
| --- | --- | --- |
| _X_ | (3)  | Factual issues are exceptionally complex |
|     | (4)  | Greater than normal volume of evidence |
| _X_ | (5)  | Extended discovery period is needed |
|     | (6)  | Problems locating or preserving evidence |
|     | (7)  | Pending parallel investigations or action by the government |
|     | (8)  | Multiple use of experts |
|     | (9)  | Need for discovery outside United States boundaries |
|     | (10) | Existence of highly technical issues and proof |
|     | (11) | Existence of highly technical issues and proof |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**
Joseph P. McClelland
Law Firm of Joseph P. McClelland, LLC
235 East Ponce de Leon Avenue, Suite 215
Decatur, GA 30030
(770) 775-0938 (Telephone)
joseph@jacksonlaws.com

**Equifax:**

Charles Campbell
Equifax Inc.
charles.campbell@equifax.com


**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___Yes   X___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

    (a) The following persons are necessary parties who have not been joined:

    None.

    (b) The following persons are improperly joined as parties:

    None.

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    None.

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do anticipate a supplement to the pleadings, and all parties reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

If not already filed, the parties anticipate Initial Disclosures will be filed within 14 days.

**9.     Request for Scheduling Conference:**

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.

**Parties' Joint Recommendation**:

The parties respectfully request that the Court assign this matter to a 6-month discovery track. The parties ask that the Court designate this matter as complex for three primary reasons related to: (i) case complexity; (ii) settlement efforts; and (iii) work from home issues caused by the ongoing COVID-19 pandemic.

First, deceased reporting cases involve complex factual and expert disputes that tend to be more intricate than other "run-of-the-mill" FCRA matters. Fact investigation in deceased reporting cases tends to be time-intensive as the parties assess issues of liability and damages. Third-party discovery is also not atypical, especially after the parties have engaged in written party discovery. The parties currently expect that they will identify and utilize multiple experts following fact discovery.

Second, and importantly, counsel for the parties are seeking a longer discovery schedule because they would like to continue exploring the possibility of early case resolution prior to beginning time-intensive and costly discovery. Counsel for the parties have a good working relationship and have learned that early case resolution can take a substantial amount of time as they engage in early, informal exchange of information. Accordingly, the parties are asking a 6-month discovery track to allow them to continue pursuing Rule 408 discussions without immediately launching into formal discovery.

Third, even though some parts of the country are emerging from COVID restrictions, some of the parties' attorneys continue to work from home. Limitations on the "work from home" environment affect the ability to travel and pursue certain types of discovery, as well as cause more obstacles, both internally, as well as with clients. More generally, over the past months we have learned that normal litigation tasks simply take longer to accomplish in the current climate than they might normally otherwise.

**Please state below the subjects on which discovery may be needed:**
**Plaintiff:**

The facts and circumstances surrounding the allegations in Plaintiff's Complaint; Defendants' procedures for compliance to FCRA; Steps taken by Defendants to comply with FCRA; Third Party publications of subject content of Plaintiff's credit information by Defendants to third parties; All non-privileged documents contained in Defendants' files relating to Plaintiff; All persons with knowledge of the subject matter of this litigation; Discovery necessitated by discovery sought by Defendants; Plaintiff's credit history and usage; Communications between Plaintiff and Plaintiff's creditors or users; Third-party discovery; and any other information reasonably calculated to lead to admissible evidence.

**Defendant Equifax:**

The account history of the disputed account; Plaintiff's communications with Equifax regarding the disputed account; Plaintiff's alleged damages.

**Defendant LexisNexis:**

11. **Discovery Limitations and Discovery of Electronically Stored Information:**

   (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

   The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

   The parties reserve the right to seek such orders should they become necessary.

   (b) Is any party seeking discovery of electronically stored information?

   __X__ Yes         ____ No

   If "yes,"

   (1) The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

The parties agree to accept service of written discovery and other case documents via email.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, scope and form of such a protective order, counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently

specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

The parties have discussed the possibility that privileged or protected information may be disclosed inadvertently in the disclosure and discovery proceedings of this lawsuit. The parties agree that a claim of privilege, work product, or other right of non-disclosure may be made by the producing party of any such materials after disclosure or production in the manner allowed by FED. R. CIV. P. 26(b)(5)(B); the parties shall then proceed as provided by that provision. The parties also agree that, if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or

disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

13. **Settlement Potential:**

   (a) Lead counsel for Plaintiff and Defendants certify by their signatures below that they conducted a telephonic Rule 26(f) conference that was held on October 24, 2023, and that they or a duly-noted representative participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**: Lead counsel (signature):

*/s/ Joseph P. McClelland*
Joseph P. McClelland, Esq.
*Attorney for Plaintiff*


**For Equifax:** Lead counsel (signature):

*/s/ Charles Campbell*

*Attorney for Defendant*
*Equifax Information Services LLC*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X ) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(__) A possibility of settlement, but a conference with the judge is needed.
(__) No possibility of settlement.

(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20__.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Signatures:

*/s/ Joseph P. McClelland*
Joseph P. McClelland
JOSEPH P. MCCLELLAND, LLC
Georgia Bar No: 483407

235 East Ponce de Leon Avenue, Suite 215
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com

*ATTORNEY FOR PLAINTIFF*

*/s/ Charles Campbell*
Charles Campbell
GA Bar No. 210929
Equifax Inc.
1550 Peachtree St., NW
Atlanta, GA 30309
charles.campbell@equifax.com

*Attorney for Defendant*
*Equifax Information Services LLC*


*/s/*

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DAVID ANDREW BERO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC; and LEXISNEXIS RISK SOLUTIONS,**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br><br>**1:23-cv-02390-AT-JKL** |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the joint stipulation and time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____ 2023.

_____
THE HONORABLE DISTRICT JUDGE

17